Tracy Dressner for petitioner Demetrius Franklin. Before I begin the argument I wanted to make two, first of all I want to reserve four minutes for rebuttal and then I wanted to make two points. One is that there's an overarching fact in this case and that is that Mr. Franklin was convicted solely on the basis solely of one witness. There was no other evidence. This is not one of those exaggerated we're making something up. There was only Ms. Day's testimony and nothing else that connected him to this case. The other is that Mr. Franklin's primary objective in his habeas petition and in this appeal is to have his Brady claim heard by the federal court. So I'm going to start with when the statute of in this case it was on which actual predicate could have been discovered through due diligence and that date as I'm going to explain was on April 1st 2016 when the when his attorney the California Innocence Project was able to get unsealed a letter from an LA sheriff's captain homicide captain in which he requested sentencing favors for Ms. Day in exchange for her testimony that she had given in Mr. Franklin's trial. But Ms. Dresser what about April 13th 2000 which was the expiration of the federal habeas claim? Well this the date runs from the latest of which date applies and in this case the date was when he discovered the factual predicate for his Brady claim and the reason now I know the the Attorney General's position and the district court's position was that the factual predicate date began on the date that that Ms. Day actually got the sentencing benefit. The reason that is not the appropriate date to use is really based on the on the on the reasoning of the two cases I cited in my versus night. In those cases stand for the proposition that when judges and prosecutors make statements that foreclose a possible legal claim a defendant can't be penalized for relying on those statements. So what we have in this case is I'm sorry what's our question? Well I was just going to follow up and inquire surely the test is the Brady claim could have been discovered but isn't it true that Mr. Franklin had actual notice of the leniency offered to Shanti Day during the trial? He did not what happened was Mr. Franklin's attorney raised the issue that there was that she had a pending case and the attorney specifically wanted to ask her when she court and said I didn't even know that she had a current case and of course I know my obligation and of course if she was getting any any any favors or any any deal or anything we would I would I know my obligation and I would do that so then the judge foreclosed forbid Mr. Franklin's attorney from asking Ms. Day whether she was receiving any favors. Could not kind of could not ask about then what happens is at a week or two after she testifies now first of all she had been able to plead while she had prior to a felony petty a felony petty theft with priors she was able to plead to a misdemeanor petty theft but then between the time that she testified and Mr. Franklin's sentencing unbeknownst to Mr. Franklin the the sheriff's homicide captain wrote a letter to her sentencing judge asking for two favors that her fine be stayed and that she not that her probation should be reinstated to probation rather than serving in jail time. When prior to Mr. Franklin's sentencing on the day of his sentencing there was a new trial motion that that re-argued the issue about the attorney being foreclosed asking her about a deal and the prosecutor stood up again and said that he is this on May 21st 1997 yes during the motion for new trial yes and didn't the prosecutor acknowledge that Shanti Day received leniency and of course he disavowed it was an exchange for anything but didn't he acknowledge it at that time? No what he said was I represent to the court we I have represented to the court at that time that I wasn't aware and there were no arrangements made with her to any regard of disposition of that case I don't know what has become of that case. Okay so so now you have two problems you have one you have the prosecutor who knew that there was a pending case knew that Mr. Franklin's attorney had raised the issue he'd been denied an opportunity to request to ask her about whether she got a deal and then he puts his head in the sand and then he thinks he can just claim a lack of knowledge well he has a constitutional obligation to provide the defense with the information that she received a sentencing benefit prior to the time he stood up in court and said he wasn't aware of anything and he didn't turn it over so if you would accept at face value prosecutor statements made in court then Mr. Franklin at that point had to say okay I guess I was wrong I guess there was no benefit given I can rest on the fact that she didn't receive a benefit the onus wasn't on him to go look have find somebody to go look at Miss Day's criminal file and then discover that there was a minute order saying she had gotten a benefit or that she had gotten a sentencing brief yeah counsel may I jump ahead just a bit I mean sure let's assume let's assume for the sake of argument that you're correct and April 1 2016 was the correct date then the statute ran on to that April 2 on 2017 and the petition wasn't filed for another 60 days and I understand your argument that he was relying on the California Innocence Project but if they were not counsel of record how does that get you there well it depends how you define counsel of record they represented themselves in court as their as his attorney they they filed documents that's how they got the the letter unsealed it's in my excerpt of record no no no I understand that you've got the two appearances there and I guess there's an implication that they're gonna file a habeas petition but isn't that the best you have they didn't ever agree to do it they never did nothing that we have in the record shows that they were definitively agreement we have two letters that were written by the law students who work on these cases in the Innocence Project implying that they were going to raise it but then okay so if they're not going to do it they have an obligation to tell mr. Franklin that he has a claim that has a due date they don't do that when they when they when they brought him they don't say and by the way that Brady claim that we've talked to you about in those letters has a due date that's you know that's like basic lawyering 101 right I guess my question is it's a little bit difficult case they filed some motions on his behalf to get documents but they did not representation of him vis-a-vis the habeas petition and in fact they said no sorry we're not going to do that so I guess where does this fit because they well I mean I guess we don't know what they actually promised him or didn't promise him how does mr. Franklin sitting in his prison cell know when he receives a document that says attorney for for Demetrius Franklin that those attorneys aren't really representing him I mean there's this it seems like kind of a sham a kind of a sham if they can if they can insulate themselves that way and I and I and I feel badly kind of kind of attacking the the innocence project here because they do some fine work but they leave they leave petitioners like mr. Franklin who are otherwise proceeding pro per in this kind of limbo where they where they assume that they're represented and they don't find out and they don't find out that they have a deadline no mr. Franklin clearly wanted to get his case before the court within 75 days of being abandoned he had found counsel and they got their petitions filed I mean he couldn't work more diligently than that and and equitable tolling is about which he had reason to believe the innocence project was going to pursue heard by the federal court had they told him six months earlier two months earlier 75 days earlier he would have had his petition in on time but he had no idea that they one weren't going to represent him and two that he had a deadline coming up and equitable tolling is about reasonable diligence he was innocence project was representing him was going to do the habeas when he found out that was wrong he he immediately did all that a you would you could reasonably expect an incarcerated inmate an indigent incarcerated inmate to do get his petitions before the court equitable tolling is an equitable remedy to ensure fairness and the way to ensure fairness in this case is to let mr. mr. critically important because the Brady claim cast credibility did pass a credibility issue with this only witness to that ties into this case if this was a case as we often hear of overwhelming evidence we might be in a different situation but mr. Franklin has sir has been serving has been in prison for the last 23 years based on the testimony of a witness who received sentencing favors in her own criminal case for testifying against him a witness who otherwise was presented to the jury as a neutral non-interested party when in fact she wasn't and it wasn't just that they received that that that they didn't get that information it was that mr. Franklin's attorney had specifically sought to ask that information and was barred from doing so because the prosecutor stood there and said there was no no such there was no such deal mr. can I ask you a quick question I thought I saw somewhere in the record I may be wrong here that she recanted her testimony that that was uh yeah well yes so one of the things that the innocence project did was send some lawsuits out to interview her and during that interview she said she didn't really remember mr. Franklin being there she didn't remember a lot of details and that is and that is all the information that we have at this point so if for some reason the court rejects the statute of limitations argument and the equitable tolling argument the other pathway for mr. Franklin to get back into federal court is on a sock is on a showing of actual innocence and I and I readily admit that that that the tip that the declaration and information that we have about this day is not it's self-sufficient but he ought to have the opportunity to have an evidentiary hearing get miss day in there and let's get her testimony before before a judge and let's see whether there really is a true recantation because this really goes to the innocence of mr. Franklin you're down to two minutes you want to reserve yeah I do thank you more empathy go ahead good morning was the court deputy attorney general Paul please your honors appellant was not entitled to a later start date for the statute of limitations in this case specifically for the greater claim in order to get an alternative trigger date there needs to be a factual predicate for the claim and in looking at the letter itself the letter itself says that there supports the notion that there was no deal in this case there's no certainly no quid pro quo to quote the letter itself quote miss day was never promised anything other than protection and assistance and relocated and noting that since her testimony the detectives have learned that she had been convicted of petty theft that letter not sure how that gets mr. Esner to the point of showing that there's this hidden deal that she speculates exists and the reduction so even if that letter did act as a factual predicate for the way to claim that mr. Esner now it's could have been the letter itself existed at the time of Colin sentencing the record doesn't show when itself letter itself was actually there's nothing to show that exactly what the California Innocence Project had done nine years later mr. D council where is that letter what letter are you referring to the moral letter your honor on page 101 to 102 of the excerpts of record okay what about my question to your opposing counsel about what happened on May 21st to what extent did mr. Franklin have of the leniency that was granted to miss day your honor by May 21st at that point we had already had a preliminary hearing in which all parties agreed that there was a pending case that had been reduced from a felony to a misdemeanor at that point the prosecutor reiterated that he was unfamiliar with the outcome of that case and that he could only reiterate that there was no deal in exchange for speak to the disposition of this unrelated unrelated misdemeanor fact which goes to the point that the prosecutor's statements here do not affect you because it's not that their letter does not exist it shows that so it simply reiterates what was already known which is that there was a case that the outcome of but the fact of the reduction to a misdemeanor was known at that time and disclosed is that correct or not that is that was understood amongst all the parties before the trial began your honor yes so you went with when the prosecutor repeatedly asserted that there was no deal with the witness your position that prosecutor was speaking truthfully and that if there was a reduction in their sentence it had absolutely nothing to do with this case at all it was for something else that is what the prosecutor testified to your honor or explained that on the record your honor correct that's the attorney general's position yes your honor that's what the record shows and we're consistent with the record and your honor even if that mr. determine his position had some sort of effect on what was required and due diligence here it did not have the effect it cannot have had the effect that appellant now contrary to what this court has held the standard to be appellant doesn't ask that this court find that the trigger date was sometime after 2012 when the California project innocence projects knew this letter existed or even in 2015 on November 20th when the record shows that the California innocence project knew what the letter actually contained the propellant instead asks this court find that the proposed trigger date is April 1st 2016 the day the letter was actually sealed the day of the California innocence project had it in their hands and as this court is helping board be Gonzales the trigger date in these cases is not when it was actually discovered but when it could have been discovered through due diligence so it simply cannot have had the effect that appellant proposes it has however as this court is noted even if the statute of limitations did begin on April 1st as appellant acknowledges it's still untimely and it would still need to prove equitable tolling which appellant does not and that brings me to my next point which is that appellant was not entitled to equitable tolling your honor in looking at reasonable diligence assuming the statute of limitations does not begin on April 1st as appellant proposes you have 13 years at least unexplained of inactivity that's cannot be reasonable diligence in pursuing his claims however even assuming that alternative trigger date did begin on April 1st there's still not an extraordinary circumstance that prevented appellant from filing his petition on time because here as this court has noted there is no agreement to buy the California innocence project to file a federal habeas petition on his behalf. Well do we know? I mean we don't have anything in the record on that we just we just have the appearance of the California innocence project. Yes your honor however there is outline normally there would be a letter saying we're only going to investigate or we're taking your case on or something and it's just absent from the record here yes directly your honor yes however there is evidence suggested by the supervisor's declaration Raquel Cohen on page 104 of the excerpts of record that outlines that the California innocence project in this case as it was in general to investigate claims of actual innocence investigation is not the same as filing a habeas petition on their behalf. Well that's true but how do you account for the fact that they actually filed two motions? That's part of the that's consistent with the investigating investigation. But they were acting as attorneys correct? However what we're dealing with here is whether there's an understanding that there will be a federal habeas petition filed on his behalf and there's simply nothing to suggest that there is. Furthermore there's nothing to show that prevented him from filing specifically this Brady claim on his own in time. He had the letter as shown on page 113 of the excerpts of record. So what do you make of Hugh Bider? Hugh Bider that's our en banc case where we said the standard is not impossible and the district I mean you seem to suggest he had to be prevented which I think is inconsistent with Hugh. But also the district court used that standard the impossibility standard incorrectly. Wouldn't you agree? Yes your honor. So wouldn't the normal course be to remand to apply the correct standard? Not when in the case not if the results would be the same your honor. Given the fact that although admittedly Appellee acknowledges that the district court here did apply the impossible standard as to finding of extraordinary circumstances that's only one part of equitable tolling. And here there still needs to be a finding of reasonable diligence and the court and the record shows the district court here used that appropriate standard which given the fact that that's an essential element of finding equitable tolling in general it wouldn't it's applied to a stand the case down for the district court only to find the exact same holding for the same reason. Doesn't basically applying the different standard of one part of equitable tolling doesn't change the overall outcome your honor. Well it happens. That's fair your honor. That is fair. But again even in looking into before I see my time starting to go a little while I behoove myself if I didn't address the actual innocence split gateway standard here. Unless. No no please go ahead with the Schlepp announcement. Thank you your honor. Your honor here the court has found the Schlepp standard is a very high standard the vast majority of cases fail and the types of evidence found to meet the Schlepp standard that of sculptory scientific evidence trustworthy eyewitness evidence or critical physical evidence we don't have anything close to what the court what courts have found to be meet the Schlepp standard your honor. And here I want to make a quick point on this what the district court had in front of it was a 2017 declaration summarizing a 2014 conversation with a person who doesn't we don't have any foundation was actually Shanzi Day. Now on appeal Appellant includes a 2013 California Innocence Project memo that appears to support some of the findings from that 2017 declaration. However as Appellant acknowledges on page 27 of their reply brief that was not made available to the district court. So in reviewing whether the district court properly found that there was an actual innocence gateway here it should not consider something that was not before the district court. So in looking into what the district had in front of it in this 2017 declaration it is incredibly unreliable untrustworthy as previously established it's describing from memory a hearsay statement made three years earlier about a conversation about events that have happened 17 years before that. That's not furthermore there's no foundation in that letter to establish that it was actually Shanzi Day they were talking to and the record here has rather evidence to the contrary given the fact that we have a letter from the California Innocence Project telling Appellant that it had not yet found Shanzi Day supposedly a year after this conversation had taken place. Furthermore that statement is clearly made by a person suffering from serious mental illnesses and doesn't even if that's person supposedly Shanzi Day doesn't remember even accusing Appellant of the trial. So therefore this does not meet anything close to the reliability that the Schlupp standard requires nor does nor would providing an evidentiary hearing help Appellant at all as it only removes one degree of reliability only includes one degree of reliability amongst many and certainly would not have shown that is more likely than not that reasonable that no reasonable juror could find the Appellant guilty in that particular case. Because this is not even close to meeting the Schlupp standard Appellant should not have another chance to develop facts they failed to develop for 23 years. This court should not allow Appellant a second bite at a very old apple. Unless your honor unless the court has any other questions we're just prepared to submit. Any further questions? Very good thank you. A lot to unpack there I'm going to start backwards from where he started. Again much like the equitable tolling the actual innocence gateway exists to prevent a miscarriage of justice and to just let this case end when there was only one witness one witness against Mr. Franklin without having his case his issues regarding Miss Day heard would be a miscarriage of justice. With Mr. Franklin has acknowledged he hasn't proven the Schlupp standard but he all he's seeking is an opportunity to put on his evidence let's get Miss Day in there it'll take one hearing either she's trustworthy or she's not but that just say well and and and this whole issue I might add only arose after Mr. Franklin filed his petition he asked for a stay while he exhausted his claims in state court and then he was blindsided by the untimely dismissal and then there was a whole issue with his objections so he wasn't there at that moment his actual innocence he didn't know he had to do this gateway this possible gateway issue going back to what he could have discovered on page 103 of the excerpts of record is the minute order regarding Miss Day's sentencing and let me let me preface that there were two possible acts of leniency the one that the court referred to earlier about the reduction to the misdemeanor isn't the issue now the issue now is the sentencing breaks that she got which the which the homicide captain specifically tied to her testimony in this case if you look at the minute order which is all that anyone would have seen had they gone to look at the case file all it said is that the court received a letter from the captain from a homicide captain that the DA had no objection and the court struck the fine and reinstated her to probation it doesn't even tie it to this case it's not clear from the record how the innocence project found out that the letter existed or that it was sealed she only found out the information that was actually contained in the letter when a court clerk told her what some of the under seal information was now to think that a court clerk would somehow reveal that information under seal to an incarcerated inmate is really pretty preposterous the only way they found out what the what the letter actually said was by getting it unsealed and then when you read that letter yes the captain claims that there was no deal but we know from the hundreds of cases hundreds perhaps thousands of cases out there that police officers lie about what deals they've had all the time we can't end this inquiry just because the police officer said that and in fact we know this is already an inconsistency in this letter he's writes in here that they didn't know that she had was convicted in a petty theft until after she testified we know from the record that's not true there was a discussion before she testified about her current case the prosecutor who said he didn't know about it became aware of it then so we already know that there's an inconsistency in here we're not going to rely solely on the on the homicide captains say so that there was no deal and so there's no I what the prosecutor said the whole point was mr. Franklin's attorney wanted to let to ask her about a deal and he was forbidden from doing it based on the prosecutors representations and now the Attorney General expects us to say well he could have gone despite what the prosecutor said despite the fact that you weren't allowed to tell your to ask your questions well you could have gone to the courthouse yourself and seen this little minute order and everything would have been unveiled to you by then that's just not reality at the heart of this case is the possibility that mr. Franklin is innocent or that he was or that he was convicted on the basis of a witness whose whose appearance was that as neutral but but in fact was not and all all he's asking for is a chance to have those issues heard by the federal court thank you counsel thank you both for your arguments today and the case will be submitted for decision
judges: O'scannlain, Thomas, Ezra